UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JONES,<br><br>            Petitioner,<br><br>     v.<br><br>UNKNOWN,<br><br>            Respondent. | Case No.: 1:13-cv-00918-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE STATUTE OF LIMITATIONS<br><br>ORDER REQUIRING PETITIONER TO FILE A MOTION TO NAME THE PROPER RESPONDENT<br><br>ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on June 13, 2013.[1] A preliminary review of the petition, however, reveals that the may be untimely and should therefore be dismissed.

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison

1

## DISCUSSION

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on June 13, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on June 13, 2013.  (Doc. 1, p. 6).

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998). In such circumstances, the limitations period would begin to run on April 25, 1996, and would expire, if not tolled, on April 24, 1997. Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.).

  Here, Petitioner was convicted on August 11, 1993, in the Fresno County Superior Court of robbery and first degree murder and sentenced to a prison term of life without the possibility of parole. (Doc. 1, p. 10). It appears that the matter was appealed to the California Court of Appeal, Fifth Appellate District, although Petitioner did not raise therein the issues now raised in the instant petition. (Doc. 1, pp. 62; 103). Although Petitioner has not provided any information regarding his direct

3

1  appeal, it appears almost a certainty that Petitioner's direct appeal, if pursued through the California
2  Supreme Court, would have concluded prior to April 24, 1996, the effective date of the AEDPA and a
3  point in time almost three years after his conviction.  That being the case, Petitioner's one-year period
4  would have expired on April 24, 1997.  As mentioned, the instant petition was filed on June 13, 2013,
5  over 16 years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled
6  to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.[2]

7        C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

8        Under the AEDPA, the statute of limitations is tolled during the time that a properly filed
9  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §
10  2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules
11  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531
12  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California
13  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay
14  in the intervals between a lower court decision and the filing of a petition in a higher court.
15  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
16  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations
17  omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
18  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
19  (9th Cir. 1999).

20        Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.
21  For example, no statutory tolling is allowed for the period of time between finality of an appeal and
22  the filing of an application for post-conviction or other collateral review in state court, because no
23  state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v.
24  Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the

---

[2] Both of Petitioner's claims involve issues adjudicated at and evidence presented during his original trial.  Thus, the "trigger" for the one-year limitation period was the expiration of his direct appeal and the enactment of the AEDPA.  There is no basis from which to conclude that Petitioner is entitled to a later "trigger" date based on, e.g., the date on which the factual basis for the claim could have been discovered through the exercise of reasonable diligence.  28 U.S.C. § 2244(d)(1)(D).

1  period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the

2  limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v.

3  Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059,

4  1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to

5  statutory tolling where the limitation period has already run prior to filing a state habeas petition.

6  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the

7  reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v.

8  White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling

9  when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165,

10  1166 (9th Cir. 2006).

11  Here, Petitioner appears to have filed the following state habeas petitions: (1) petitioner filed in

12  the 5th DCA on October 5, 2004, and denied on October 28, 2004; (2) petition filed in the 5th DCA on

13  March 26, 200,8 and denied on April 25, 2008; (3) petition for writ of mandate filed in the 5th DCA on

14  May 20, 2008, and denied on July 7, 2008; (4) petitioner for review filed in the California Supreme

15  Court on July 28, 2008, and denied on October 16, 2008; (5) petition filed in the Superior Court of

16  Fresno County on May 17, 2012, and denied on August 30, 2012;[3]  and (6) petition filed in the 5th

17  DCA on September 27, 2012, and denied on November 21, 2012.  Although Petitioner does not

18  specify the precise dates for all of these proceedings, the Court has accessed the California court

19  system's electronic database to ascertain a more complete chronology.[4]

20  Unfortunately, none of these above-mentioned habeas proceedings are entitled to statutory

21  tolling under the AEDPA, since all of them were filed after the one-year period would have expired in

---

[3] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

[4] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

1997. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).   Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely by 16 years and must be dismissed.

       D.   Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

    Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court's makes a preliminary determination that Petitioner is not entitled to equitable tolling.

       E.   Failure to Name A Proper Respondent.

    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer

having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has not named anyone as Respondent, but instead has left that portion of his petition blank.   Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).  **However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility**.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner must name a proper respondent.

**In the interests of judicial economy, Petitioner *need not* file an amended petition.  Instead, Petitioner can satisfy this deficiency in his petition by filing a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.**

## CONCLUSION

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297

F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Petitioner will be permitted to file a response in which he can address the issues raised in this Order to Show Cause. If Petitioner is unable to credibly account, through either statutory or equitable tolling, for the intervening sixteen years between the expiration of the one-year period and the filing of the instant petition, the Court will issue Findings and Recommendations to dismiss the petition as untimely.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d);

2. Within thirty days Petitioner is ORDERED to file a motion naming the proper Respondent or fact dismissal of his petition for lack of jurisdiction.

Petitioner is forewarned that his failure to comply with this order may result in a recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **June 25, 2013**               **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE